J-S11015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEITH ALEXANDER | : | |
| | : | |
| Appellant | : | No. 3483 EDA 2018 |

Appeal from the PCRA Order Entered November 20, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0702301-2002

BEFORE:  SHOGAN, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.:                           **FILED JULY 1, 2019**

Appellant, Keith Alexander, appeals *pro se* from the order denying his fourth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1]  We affirm.

---

[1]  Appellant entitled his petition as a "writ of coram nobis."  Our Supreme Court has explained:  "[T]his Court has consistently held that, pursuant to the plain language of Section 9542, where a claim is cognizable under the PCRA, the PCRA is the only method of obtaining collateral review."  ***Commonwealth v. Descardes***, 136 A.3d 493, 501 (Pa. 2016); ***see also Commonwealth v. Turner***, 80 A.3d 754, 770 (Pa. 2013) ("The PCRA at Section 9542 subsumes the remedies of *habeas corpus* and *coram nobis*.").  As will be discussed, Appellant claims that his sentence is illegal and that counsel was ineffective.  Appellant's Brief at 4.  Both claims are cognizable under the PCRA.  ***See Commonwealth v. Whiteman***, 204 A.3d 448, 451 (Pa. Super. 2019) ("Challenges to the legality of a sentence are cognizable under the PCRA"); ***Turner***, 80 A.3d at 770 (claims of ineffective assistance of counsel are cognizable under the PCRA).  Accordingly, the PCRA court properly treated this filing as a PCRA petition.

The PCRA court summarized the procedural history of this case as follows:

> [Appellant] was arrested and subsequently charged in connection with the 2002 non-fatal shooting of Maurice Stuart in Philadelphia. On April 1, 2005, following a jury trial presided over by the Honorable Chris R. Wogan, [Appellant] was convicted of attempted murder, aggravated assault, conspiracy, and violations of the Uniform Firearms Act.[2] On May 20, 2005, the trial court sentenced [Appellant] to an aggregate term of twenty-six and one-half to fifty-six years' incarceration.[3] [Appellant's] judgment of sentence was affirmed by the Superior Court on March 20, 2007, and the Pennsylvania Supreme Court denied *allocatur* on October 24, 2007.[4]

> > [2] [Appellant's] first jury trial, presided over by the Honorable James A. Lineberger, was declared a mistrial on June 11, 2004[,] as the jury failed to reach a unanimous verdict.

> > [3] [Appellant] was sentenced pursuant to 42 Pa. Cons. Stat. § 9714 (mandatory minimum sentence of twenty-five years for a "third strike" conviction for a crime of violence).

> > [4] *Commonwealth v. Alexander*, 928 A.2d 1117 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 934 A.2d 1275 (Pa. 2007).

> On October 31, 2007, [Appellant] timely filed his first *pro se* PCRA petition. Counsel was appointed and subsequently filed a *Turner/Finley* no-merit letter.[5] The PCRA court denied the petition as frivolous on October 10, 2008[,] and permitted counsel to withdraw. The Superior Court affirmed the PCRA court's order denying relief on December 21, 2009.[6] The Pennsylvania Supreme Court denied *allocatur* on August 16, 2010.[7]

> > [5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

> > [6] *Commonwealth v. Alexander*, 990 A.2d 34 (Pa. Super. 2009) (unpublished memorandum).

[7] *Commonwealth v. Alexander*, 4 A.3d 1050 (Pa. 2010).

[Appellant] was subsequently unsuccessful in obtaining collateral relief through serial petitions filed in 2013[8] and 2015.[9]

[8] *Commonwealth v. Alexander*, 116 A.3d 688 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 114 A.3d 415 (Pa. 2015).

[9] *Commonwealth v. Alexander*, 175 A.3d 411 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 176 A.3d 849 (Pa. 2017).

On January 2, 2018, [Appellant] filed the instant *pro se* PCRA petition, his fourth. Pursuant to Pennsylvania Rule of Criminal Procedure 907, [Appellant] was served notice of the PCRA court's intention to dismiss his petition on August 13, 2018. [Appellant] submitted a response to the Rule 907 notice on August 16, 2018. On November 13, 2018, the instant notice of appeal was filed to the Superior Court. On November 20, 2018, the PCRA court, unaware that [Appellant] prematurely filed a notice of appeal, dismissed his petition as untimely without exception.[2]

PCRA Court Opinion, 12/19/18, at 1-2. There is no indication in the docket entries that the PCRA court ordered a Pa.R.A.P. 1925(b) statement.

Appellant presents the following issue for our review:

1. Whether the [c]ourt erred by denying [Appellant's] PCRA petition/Coram Nobis alleging counsel is ineffective at sentencing by not raising illegal sentence for the charge of aggravated assault, attempt [sic] murder, carrying firearms without a license, carrying a firearm in public street or place, possessing an instrument of crime[,] simple assault, recklessly endangering another person and criminal

_____

[2] The docket indicates that a timely notice of appeal also was filed on November 29, 2018. The appeal at the pre-dismissal notice of appeal, filed November 13, 2018, was docketed in this Court at 3358 EDA 2018. The appeal at 3358 EDA 2018 was dismissed, *sua sponte*, as duplicative of the instant appeal. Order, 1/11/19, at 1.

- 3 -

> conspiracy. [Appellant] avers that his 26 and a half to 56yrs is illegal and unconstitutionally imposed.

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." **Commonwealth v. Stultz**, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  A petition invoking one of these exceptions must be filed within one year of the date the claim could first have been presented.[4]  42 Pa.C.S. § 9545(b)(2).

---

[3]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[4]   Until recently, a petition invoking an exception was required to be filed within sixty days of the date the claim could have been presented.  However, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and Section 9545(b)(2) now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.  *See* 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018, § 2 and § 3 ("[T]he amendment ... shall apply to claims arising on Dec. 24, 2017 or thereafter.").  Although applicable to Appellant's instant petition, the change in the law from sixty days to one year does not impact our analysis.

Our review of the record reflects that Appellant was sentenced on May 20, 2005. Appellant filed a direct appeal. This Court affirmed Appellant's judgment of sentence on March 20, 2007, *Alexander*, 2 EDA 2006 (unpublished memorandum), and our Supreme Court denied his petition for allowance of appeal on October 24, 2007. *Alexander*, 323 EAL 2007. Accordingly, Appellant's judgment of sentence became final on January 22, 2008, when the time for seeking *certiorari* from the United States Supreme Court expired.[5] *See* 42 Pa.C.S. § 9545(b)(3) ( "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, Appellant had to file the current PCRA petition by January 22, 2009, in order for it to be timely. *See* 42 Pa.C.S. § 9545(b)(1) (A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final). Appellant did not file the instant PCRA petition until January 2, 2018. Thus, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S.

---

[5] Appellant had ninety days from the date of the Pennsylvania Supreme Court's decision on direct appeal to file a petition for a writ of *certiorari* with the United States Supreme Court. *Commonwealth v. Hackett*, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

§ 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within one year of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). It is the petitioner's burden to allege and prove that one of the exceptions exists. *Commonwealth v. Whitehawk*, 146 A.3d 266, 269–270 (Pa. Super. 2016).

Review of Appellant's *pro se* brief does not reflect any assertion of one of the three exceptions to the PCRA time-bar. Instead, Appellant's argument addresses, in depth, the bases for his claim that his sentence is illegal. While it appears that Appellant is making an illegality-of-sentence claim, we note that such claims must be raised in a timely PCRA. "[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (quoting *Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999)). Because Appellant has failed to plead and prove an exception to the time bar, we lack jurisdiction to review the merits of Appellant's petition.

Consequently, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/1/19